OPINION AND ORDER
Appellant Shilo Four Star was charged with Severe Physical Domestic Abuse, in violation of Comprehensive Code of Justice, (“CCOJ”), Title VII, Chapter 2, Section 244, in connection with events on September 18, 2011. He was arraigned on September 26, 2011. At his November 4, 2011 pretrial hearing, his trial was set for May 8, 2012. On May 8, 2012, Appellant *334 Four Star appeared and asked that his trial be continued because he needed to obtain counsel. The court granted his request and set a new trial date of June 27, 2012.
On June 27, 2012 a bench trial was conducted. Appellant did not have counsel. Appellant was found guilty. On June 29, 2012, Appellant applied to the Tribal Trial Court for a Stay of Judgment pending appeal. The Tribal Trial Court granted the Stay.
CCOJ Title VII, Chapter 2, Section 244 provides in relevant part:

Severe physical domestic abuse.

Any person who intentionally causes bodily injury of any kind to a family member or household member commits the offense of severe physical domestic abuse, punishable as a felony, as per VII CCOJ 501(1). By evidence admissible to the Fort Peck Tribal Court, the impact on the victim of domestic abuse of any cuts, bruises, or scrapes, any broken bones, internal hemorrhaging of any kind, or evidence of head and/or brain trauma, shall be considered clear evidence of severe physical domestic abuse.
Appellant Four Star contends that the evidence at trial did not support the conviction because it was only testimonial, no medical evidence was presented and the victim did not testify. He asserts that hearsay evidence was considered but does not support that point. Further, a conviction under section 244 can be supported by evidence of impact of, among other things, “cuts bruises or scrapes.” Appellant appears to argue, generally, that the evidence was not adequate under Section 244.
At the trial, three witnesses testified for the prosecution, Tribal Police Officer, Brian Kunz, Tessa Beston, the victim’s sister and Patricia Talks Different, the victim’s mother. The victim did not testify. Ms. Talks Different and Ms. Beston both testified about the victim’s visible injuries. Officer Kunz was the responding officer to the assault report. He transported her to the hospital. He, too, testified as to the victim’s visible injuries, including evidence of strangling.
We affirm the Tribal Trial Court’s decision. As trier of fact, the trial judge observed the witnesses and was able to assess their credibility. CCOJ Title II, chapter 2, Section 202 provides, “The Court of Appeals ... shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” In this case, the Tribal Trial Court’s decision is supported by substantial evidence.
Now, therefore,
IT IS HEREBY ORDERED: that the Tribal Trial Court’s decision is affirmed and the matter is remanded to the Tribal Court for further proceedings in accordance with this decision.